1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

HONORABLE JOHN H. CHUN
HEARING: APRIL 15, 2022
WITHOUT ORAL ARGUMENT

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TERI KEALOHA SAHM,

        Plaintiff,

    v.

SELECT PORTFOLIO SERVICING, INC.,

        Defendant.

Case No. 2:22-cv-00165

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S EMERGENCY MOTION FOR
PERMANENT INJUNCTION

## I.      RELIEF REQUESTED

Defendant Select Portfolio Servicing, Inc. ("SPS") respectfully requests that the Court deny Plaintiff's Emergency Motion for Permanent Injunction ("Motion"). Plaintiff Teri Sahm ("Sahm") seeks unwinding of the non-judicial foreclosure on the subject property, sale of the property to a third party, and her eviction from the property, as well as damages from each entity involved in these processes. However, Sahm previously litigated these issues in a state court action against the third-party buyer, and lost. Sahm also filed in this Court a Complaint similar to the present Complaint and Motion, and the Honorable Ricardo S. Martinez dismissed Sahm's prior Complaint for failure to state a claim. Plaintiff is barred as a matter of law from re-litigating the same issues and claims in the present action.

In the present action, once again, Plaintiff has not alleged or established any viable irregularity in the foreclosure and eviction. Further, under RCW 61.24.127, Plaintiff cannot

DEFENDANT'S OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION
FOR PERMANENT INJUNCTION - 1
CASE NO. 2:22-CV-00165

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

unwind the foreclosure and trustee's sale because she failed to move for an injunction to restrain the sale. Therefore, Plaintiff cannot meet the standard for a permanent injunction, or satisfy the four-part test. *See MAI Sys. Corp. v. Peak Computer, Inc*., 991 F.2d 511, 520 (9th Cir. 1993) ("As a general rule, a permanent injunction will be granted when liability has been established and there is a threat of continuing violations.") (citation omitted).

In addition to the substantive failures of Plaintiff's Motion, Plaintiff lacks authority to obtain a permanent injunction at this time. She cannot establish liability based on her Complaint and there is no threat of continuing action.

## II.      STATEMENT OF FACTS

### A.      Foreclosure on the Property

On or about April 21, 2004, Plaintiff executed a promissory note in the principal amount of $432,000.00 ("Note"). *Sagara Dec*., ¶3, Ex. A, at pp. 12-16. Plaintiff also executed a Deed of Trust which encumbered the property at 35022 Southeast Fall City—Snoqualmie Road, Fall City, Washington 98024 (the "Property") to secure payment of the Note. *Id*., at pp. 18-32.

Plaintiff failed to make the mortgage payment due by October 1, 2017 and all payments thereafter. Therefore, on or about April 23, 2019, SPS served a Notice of Default on Plaintiff on behalf of the Investor of the mortgage loan, which advised that SPS would accelerate the loan and initiate foreclosure if Plaintiff did not cure the default. Because Plaintiff failed to cure the default, SPS initiated a non-judicial foreclosure on the Property. *See id*., at pp. 8-10. On January 7, 2022, the Property was sold to a third party, Jagroop Singh ("Singh"), at a trustee's foreclosure sale. *See Motion*, at pp. 21-22.

### B.      Plaintiff Improperly Filed Bankruptcy Six Times to Try to Stop or Delay the Foreclosure.

After SPS initiated the non-judicial foreclosure, Plaintiff filed for Chapter 13 bankruptcy six times to attempt to stay the foreclosure:

- On November 1, 2019, she initiated U.S. Bankruptcy Court, Western District of

DEFENDANT'S OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION
FOR PERMANENT INJUNCTION - 2
CASE NO. 2:22-CV-00165

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

Washington, at Seattle, Petition No.19-14050-TWD;

- On December 27, 2019, she initiated U.S. Bankruptcy Court, Western District of Washington, at Seattle, Petition No. 19-14677-TWD;

- On February 22, 2021, she initiated U.S. Bankruptcy Court, Western District of Washington, at Seattle, Petition No. 21-10366-TWD;

- On May 28, 2021, she initiated U.S. Bankruptcy Court, Western District of Washington, at Seattle, Petition No. 21-11069-CMA;

- On November 18, 2021, she initiated U.S. Bankruptcy Court, Western District of Washington, at Seattle, Petition No. 21-12093-TWD;

- On January 3, 2022, she initiated U.S. Bankruptcy Court, Western District of Washington, at Seattle, Petition No. 22-10006-TWD.

*Id*., ¶4, Ex. B.

In two of the bankruptcies, SPS was forced to file motions to terminate the automatic stay and highlight Plaintiff's scheme to hinder, delay and/or defraud. *See*, *e.g*., *id*., ¶3, Ex. A. Ultimately, the Court dismissed or closed each Bankruptcy Petition for inadequate filings, as Plaintiff had no intention to complete a Chapter 13 bankruptcy. *Id*., ¶4, Ex. B.

Notably, while Plaintiff filed six Bankruptcy Petitions to attempt to stay the foreclosure, she never sought an injunction in state court to attempt to stop the trustee's sale.

**C.    Judge Martinez Dismissed Plaintiff's Complaint for Failure to State a Claim.**

On December 31, 2019, Plaintiff initiated an action in the United States District Court, Western District of Washington, at Seattle, which was assigned case number 19-CV-02090 RSM. *Id*., ¶5, Ex. C. In her Complaint, Plaintiff named one hundred and thirty-three representatives (133) of the entities involved in the foreclosure and eviction. She also listed numerous alleged federal crimes, including robo-signing. *Id*. On an order to show cause, signed on February 14, 2020, Judge Martinez ordered Plaintiff to submit a response to the order to show cause. *Id*., ¶6, Ex. D. Plaintiff submitted an unintelligible response in which she again

DEFENDANT'S OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION
FOR PERMANENT INJUNCTION - 3
CASE NO. 2:22-CV-00165

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

claimed fraud and robo-signing. *Id.*, ¶7, Ex. E. On March 9, 2020, Judge Martinez dismissed Plaintiff's Complaint and closed the action. *Id.*, ¶8, Ex. F.

**D.     Plaintiff Unsuccessfully Challenged Her Eviction in King County Superior Court Case No. 22-2-02664-2 SEA.**

Because Plaintiff refused to vacate the Property, on February 23, 2022, Singh was forced to file an action for unlawful detainer in King County Superior Court, which was assigned case number 22-2-02664-2 SEA. *Id.*, ¶9, Ex. G. In her Answer, filed on February 23, 2022, Plaintiff challenged the unlawful detainer action and claimed that by continuing it, Singh was committing "fraud" and "Federal RICO crimes." *Id.*, ¶10, Ex. H, at p 2. Plaintiff further claimed the trustee's sale was "unlawful and illegal." Plaintiff claimed that the entities involved in the foreclosure and eviction were also committing federal crimes. *Id.*

On an order to show cause, the parties were required to appear at a March 14, 2022 hearing. *Id.*, ¶11, Ex. I. At the hearing before the Honorable Commissioner Brad Moore, the parties were permitted to call witnesses and provide testimony. *See Motion*, at pp. 15-40. Sahm provided testimony in which she added to her claimed crimes. *See Motion*, at pp. 9-37. Notably, Sahm did not claim she did not execute the Note and Deed of Trust, nor did she dispute the default. *See Motion*, at pp. 9-37. Sahm did not specify any irregularity in the foreclosure or eviction. *Id.* Judge Moore highlighted that there was not an order to restrain the trustee's sale. *See Motion*, at p. 30. After reviewing the parties' submissions and hearing testimony, Judge Moore signed the writ of restitution. *See Motion*, at p. 39.

**III.     STATEMENT OF ISSUES**

Whether the Court should deny Plaintiff's Motion when a) she previously litigated the claims or issues, and lost; b) she again fails to allege or establish any viable irregularity in the foreclosure and eviction; and c) she previously failed to file for an injunction to restrain the trustee's sale.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION
FOR PERMANENT INJUNCTION - 4
CASE NO. 2:22-CV-00165

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

1

IV.      EVIDENCE RELIED UPON

2     A.      Declaration of Midori R. Sagara; and

3     B.      The pleadings and records filed herein.

4

V.      ARGUMENT

5     A.      **Plaintiff is Barred as A Matter of Law from Re-litigating the Claims and Issues in**

6     **Her Motion.**

7          1.      **Collateral Estoppel and Res Judicata**

8          Collateral estoppel, or issue preclusion, prevents re-litigation of an issue "when an issue

9     of fact or law is actually litigated and determined by a valid and final judgment, and the

10    determination is essential to the judgment." *Monahan v. Emerald Performance Materials, LLC*,

11    705 F.Supp.2d 1206, 1213 (W.D. Wash. Feb. 25, 2010), *citing Amadeo v. Principal Mut. Life*

12    *Ins. Co*., 290 F.3d 1152, 1159 (9th Cir. 2002). Res judicata, or claim preclusion, bars re-litigation

13    of a claim if a court has reached a final judgment on that claim in a previous action involving

14    the same parties or their privies. *Id.* at 1213 (citation omitted). Under both doctrines, federal

15    courts generally require the following:

16        1)      the claim or issue decided in the prior adjudication is identical to the claim or

17                issue in the present action;

18        2)      the prior adjudication resulted in a final judgment on the merits; and

19        3)      the party against whom collateral estoppel or res judicata is asserted was a party

20                or in privity with a party to the prior adjudication.

21    *Id*., *citing Sidhu v. Flecto Co., Inc.* 279 F.3d 896, 900 (9th Cir. 2002) (describing res judicata

22    requirements); *Maciel v. C.I.R.*, 489 F.3d 1018, 1023 (9th Cir. 2007) (describing collateral

23    estoppel requirements).

24        Collateral estoppel has two additional requirements: 1) a party against whom collateral

25    estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior

26    proceeding; and 2) the determination of the issue must have been essential to the prior judgment.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION
FOR PERMANENT INJUNCTION - 5
CASE NO. 2:22-CV-00165

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
Telephone: 206.319.7052

1    *Id.* (citations omitted).

2    The doctrines of collateral estoppel and res judicata directly apply to the present

3    scenario. Because Plaintiff previously unsuccessfully litigated the allegations and claims in her

4    Motion in Singh's unlawful detainer action, she cannot re-litigate these allegations and claims

5    in the present action. Judge Martinez also previously dismissed these allegations and claims for

6    failure to state a claim. Therefore, Plaintiff cannot re-plead these allegations and claims in this

7    action and obtain a different outcome.

8    **2.     Plaintiff Unsuccessfully Litigated the Issues of the Foreclosure, Trustee's**

9    **Sale and Eviction in King County Superior Court Case No. 22-2-02664-2**

10   **SEA.**

11   In Singh's unlawful detainer action, commenced on February 23, 2022, Plaintiff as

12   defendant in the action challenged the foreclosure, trustee's sale and eviction. *Sagara Dec.*,

13   ¶10, Ex. H; *see also Motion*. In her February 23, 2022 Answer, she unintelligibly challenged

14   jurisdiction and alleged "fraud," "Federal RICO crimes," and an "unlawful and illegal" trustee's

15   sale. Plaintiff related the allegations to the entities involved in the foreclosure and eviction,

16   including Singh. *Id.*, ¶10, Ex. H, at p. 2. Just as in her February 23, 2022 Answer, in her present

17   Motion, Plaintiff unintelligibly challenged jurisdiction and alleged myriad claims of fraud and

18   federal crimes in her attempt to unwind the trustee's sale and foreclosure.

19   Most importantly, in the unlawful detainer action, Plaintiff was provided the opportunity

20   to present testimony and evidence. *See Motion*, at pp. 15-40. As the transcript of the March 14,

21   2022 hearing shows, Plaintiff filed or submitted 2,438 pages for Commissioner Moore's review.

22   *See Motion*, at p. 19. She also provided testimony, in which she read verbatim the first paragraph

23   in her present Motion, beginning "I have evidence of unlawful conversion, kidnapping, human

24   trafficking…" *See Motion*, at pp. 25-26. Plaintiff probably would have continued to read

25   excerpts from the Motion had Commissioner Moore not interrupted. At the hearing, Plaintiff

26   also referred to her dismissed federal court action, commenced on December 31, 2019, in which

DEFENDANT'S OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION
FOR PERMANENT INJUNCTION - 6
CASE NO. 2:22-CV-00165

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

1    she named one hundred and thirty-three (133) representatives of the entities involved in the

2    foreclosure and eviction, and listed numerous alleged federal crimes. *See Motion*, at pp. 32-33.

3         After considering all the documents and testimony, Commissioner Moore signed the

4    writ of restitution. *See Motion*, at p. 39. Commissioner Moore highlighted that Plaintiff had not

5    moved for an injunction to restrain the trustee's sale, nor was there a bankruptcy stay at the time

6    of the sale. *Id*. Plaintiff had not specified any viable irregularity in the foreclosure or eviction

7    upon which Commissioner Moore could find in her favor. Commissioner Moore's rejection of

8    Plaintiff's allegations and claims, the same as she makes in her present Motion, was essential

9    to his decision to permit the eviction to proceed.

10        Under the doctrines of claim preclusion and res judicata, Plaintiff cannot re-litigate the

11   issues and claims decided in the unlawful detainer action in this Court. She also cannot attempt

12   to circumvent any Washington Court of Appeals' ruling on an appeal of the writ of restitution

13   by filing the same allegations and claims in this Court. Plaintiff's Motion must be denied.

14        **3.    Judge Martinez Dismissed Plaintiff's Allegations and Claims Re-Plead in**

15             **this Action.**

16        Similar to the analysis above, Plaintiff previously filed the allegations and claims in her

17   Motion and Complaint in the action in the United States District Court, Western District of

18   Washington, at Seattle, No. 19-CV-02090 RSM. *Sagara Dec*., ¶5, Ex. C. Plaintiff's December

19   31, 2019 Complaint named one hundred and thirty-three representatives (133) of the entities

20   involved in the foreclosure and eviction, and listed numerous alleged federal crimes of fraud or

21   sounding in fraud, including RICO violations and robo-signing. *Id*. In Plaintiff's present

22   Motion, she listed numerous individuals and entities involved in the foreclosure and eviction.

23   Plaintiff further asserted myriad federal claims of fraud or sounding in fraud, and she

24   specifically alleged robo-signing in her present Complaint. In both federal actions, Plaintiff's

25   fillings are unintelligible and fail to specify any viable basis for unwinding the foreclosure and

26   trustee's sale.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION
FOR PERMANENT INJUNCTION - 7
CASE NO. 2:22-CV-00165

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

In the prior federal court action, in an order to show cause, Judge Martinez provided Plaintiff with an opportunity to explain or re-plead her allegations/claims to state a claim. *Id*., ¶6, Ex. D. Plaintiff failed to do so in her responsive briefing and on February 14, 2020, Judge Martinez dismissed Plaintiff's prior Complaint and closed the action. Plaintiff cannot re-file her unintelligible allegations or claims in the present action. Judge Martinez has already ruled dismissal was appropriate because Plaintiff failed to state any claim. *Id*., ¶8, Ex. F.

**B.      Plaintiff Cannot Meet the Standard for a Permanent Injunction.**

**1.      Permanent Injunction**

To obtain a permanent injunction, a party must satisfy a four-part test: 1) irreparable harm; 2) lack of adequate remedies at law; 3) the balance of hardships weighs in its favor; and 4) the injunction is in the public's interest. *See eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 393-94 (2006).

Further, "[a]s a general rule, a permanent injunction will be granted when liability has been established and there is a threat of continuing violations." *MAI Sys. Corp*., 991 F.2d at 520, *citing Nat'l Football League v. McBee & Bruno's, Inc*., 792 F.2d 726, 732 (8th Cir. 1986).

**2.      Plaintiff has not Alleged or Established Any Irregularity in the Foreclosure or Eviction.**

In the present Motion, Plaintiff has not identified any facts that would support a basis to unwind the foreclosure and trustee's sale, such as an irregularity in either process, or entitle her to monetary damages. Notably, Plaintiff does not dispute that she borrowed money in connection with the Property and then defaulted on the loan. Because Plaintiff has not even met the pleading threshold, she could not possibly establish liability on the part of any individual or entity involved in the foreclosure or eviction. Therefore, Plaintiff cannot obtain a permanent injunction or recover any damages. *See MAI Sys. Corp*., 991 F.2d at 520.

Plaintiff also could not satisfy the four-part test for a permanent injunction in this action. First, there is no irreparable harm in the present scenario. If Plaintiff were able to establish an

DEFENDANT'S OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION
FOR PERMANENT INJUNCTION - 8
CASE NO. 2:22-CV-00165

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

actual irregularity in the foreclosure or trustee's sale, she could obtain an order to unwind the sale and foreclosure. Second, this would be an adequate remedy at law, as well as monetary damages. Third, plaintiff does not dispute that she did not make the mortgage payment due by October 1, 2017 and all payments thereafter. The balance of hardships does not favor that Plaintiff could not make a mortgage payment for about four and a half years and continue living at the Property. Fourth, and finally, an injunction is not in the public's interest; rather, it is only in Plaintiff's interest.

Even if the Court looked beyond Plaintiff's Motion to the Complaint, the only fact Plaintiff alleged is that two copies of the Note were "robosigned." *See Dkt No. 1*. However, Washington Federal Courts have routinely rejected robo-signing as a cognizable legal theory. *See*, *e.g.*, *Bain v. Metro. Mortg. Group, Inc*., 2010 WL 891585, at *6 (W.D. Wash. March 11, 2010) ("There is simply nothing deceptive about using an agent to execute a document, and this practice is commonplace in deed of trust actions."). Further, Plaintiff has not set forth any facts that the individual who signed the Note on behalf of the Investor or owner lacked authority to do so. If Plaintiff also intended to challenge any Assignment, as the borrower and third party to the transaction, she would lack standing to do so. *See Ukpoma v. U.S. Bank Nat. Ass'n*, 12–CV–0184–TOR, 2013 WL 1934172 (E.D. Wash. May 9, 2013) (dismissing mortgagor's allegations of "robo-signing" for lack of standing to challenge the transaction); *Brodie v. Nw. Tr. Servs., Inc*., 12–CV–0469–TOR, 2012 WL 6192723, at *2 (E.D. Wash. Dec. 12, 2012) (collecting cases dismissing borrower's claims of "robo-signing" for lack of standing to challenge the transaction).

Moreover, even if the Court found that Plaintiff established an irregularity in the non-judicial foreclosure and sale, the Court could not grant a permanent injunction to restrain foreclosure. As stated, Plaintiff does not dispute the loan and default. The current Investor or owner of the Note is still entitled to foreclose and could initiate a judicial foreclosure action. *Thepvongsa v. Regional Trustee Services Corp*., 972 F.Supp.2d 1221, 1232 (W.D. Wash. Sept.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION FOR PERMANENT INJUNCTION - 9
CASE NO. 2:22-CV-00165

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

25, 2013) (denying a permanent injunction where plaintiff did not identify any legal or equitable justification for erasing the debt, and defendants were still entitled to judicially foreclose); *McDonald v. OneWest Bank, FSB*, 929 F.Supp.2d 1079, 1088 (W.D. Wash. Mar. 7, 2013).

**C.     Pursuant to RCW 61.24.127, Plaintiff Cannot Unwind the Foreclosure or Eviction.**

RCW 61.24.127 states in pertinent part:

> (1) The failure of the borrower or grantor to bring a civil action to enjoin a foreclosure sale under this chapter may not be deemed a waiver of a claim for damages asserting:
> (a) Common law fraud or misrepresentation;
> (b) A violation of Title 19 RCW;
> (c) Failure of the trustee to materially comply with the provisions of this chapter; or
> (d) A violation of RCW 61.24.026.
> (2) The nonwaived claims listed under subsection (1) of this section are subject to the following limitations:
> (a) The claim must be asserted or brought within two years from the date of the foreclosure sale or within the applicable statute of limitations for such claim, whichever expires earlier;
> ***(b) The claim may not seek any remedy at law or in equity other than monetary damages;***
> ***(c) The claim may not affect in any way the validity or finality of the foreclosure sale or a subsequent transfer of the property;***
> …

RCW 61.24.127 (emphasis added).

As Commissioner Moore highlighted, Plaintiff did not seek an injunction to restrain the trustee's sale. *See Motion*, at p. 30. Instead, Plaintiff attempted to stop or delay the foreclosure and sale by improperly filing for Chapter 13 bankruptcy six times from November 1, 2019 to January 3, 2022. *Sagara Dec.*, ¶4, Ex. B. Since Plaintiff did not seek to restrain the trustee's sale, she is limited to monetary damages if she could establish a viable claim. *See* RCW 61.24.127(2)(b). Under RCW 61.24.127(2)(c), she is precluded from unwinding the sale to Singh and interfering with his property rights.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION
FOR PERMANENT INJUNCTION - 10
CASE NO. 2:22-CV-00165

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

**D.      Plaintiff Lacks Procedural Authority for a Permanent Injunction.**

In general, a permanent injunction will be granted when liability has been established and there is a threat of continuing violations. *MAI Sys. Corp.*, 991 F.2d at 520. At this procedural posture, Plaintiff has not, and cannot, establish any liability as SPS. There is no authority for a permanent injunction now. Further, as a practical matter, because the foreclosure, trustee's sale and eviction are completed, there is no threat of continuing action to Plaintiff. A permanent injunction is unnecessary, unwarranted and not permissible.

## VI.      CONCLUSION

Plaintiff's Motion must be denied. Her unintelligible allegations and claims therein have been litigated in Singh's prior unlawful eviction action, where Plaintiff had the opportunity to present evidence and testify. This Court also previously dismissed Plaintiff's unintelligible allegations and claims for failure to state a claim after providing Plaintiff a second opportunity to plead. Plaintiff should not be permitted to re-litigate these allegations and claims in the present action.

Nothing has changed in this action. Plaintiff has failed to specify any facts to support any irregularity in the foreclosure and trustee's sale. She also does not dispute the loan and default. There is simply no basis for a permanent injunction, procedurally or substantively. Accordingly, Plaintiff's Motion should be denied.

Dated:   April 11, 2022                           BUCHALTER


By: */s Midori R. Sagara*
     Marissa A. Alkhazov, WSBA #34278
     malkhazov@buchalter.com
     Midori Sagara, WSBA #39626
     msagara@buchalter.com
     1420 Fifth Avenue, Suite 3100
     Seattle, WA  98101-1337
     Telephone: 206.319.7052

     *Attorneys for Defendant*

DEFENDANT'S OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION
FOR PERMANENT INJUNCTION - 11
CASE NO. 2:22-CV-00165

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA  98101-1337
TELEPHONE: 206.319.7052

1

## **CERTIFICATE OF SERVICE**

2

3          I hereby certify that on April 11, 2022, I caused to be served a copy of the foregoing

on the following person in the manner indicated below at the following address:

4

5          **Plaintiff Pro Se**:

6          Teri Kealoha Sahm
           P.O. Box 387
7          Fall City, WA  98024
           T:  425.222.3526
8          E:  terisahm@hotmail.com

9    by:

10         ☑    by CM/ECF

11         ☑    by Electronic Mail

12

13                                        By: */s/ Pandy Savage McVay*
                                          Pandy Savage McVay, Legal Assistant
14                                        pmcvay@buchalter.com

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT'S OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION
FOR PERMANENT INJUNCTION - 12
CASE NO. 2:22-CV-00165

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052