HONORABLE JOHN H. CHUN
HEARING: MAY 13, 2022
WITHOUT ORAL ARGUMENT

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TERI KEALOHA SAHM,

        Plaintiff,

    v.

SELECT PORTFOLIO SERVICING, INC.,

        Defendant.

Case No. 2:22-cv-00165 JHC

DEFENDANT'S MOTION TO DISMISS

## I.   RELIEF REQUESTED

Defendant Select Portfolio Servicing, Inc. ("SPS") respectfully requests that the Court dismiss Plaintiff's February 12, 2022 Complaint. Plaintiff's Complaint lists eight federal statutes with no explanation, and a claim for robo-signing dating back to October 2015. Based on the minimal allegations, Plaintiff seeks the release of any liens against the subject property, a permanent stay to protect the property against any more trustee's sales or sheriff's sales, and prosecution for the alleged forgery. However, Plaintiff previously litigated the foreclosure on the property and January 7, 2022 trustee's sale in a state court action against the third-party buyer, and Plaintiff did not prevail on the merits. Therefore, Plaintiff is barred under the doctrines of res judicata and collateral estoppel from re-litigating the same issues and claims in the present action.

In this action, Plaintiff fails to provide any facts to support the eight federal statutes

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

listed, and claims that the robo-signing is "obvious" without explanation. Plaintiff's bare pleading fails to state a claim under FRCP 12(b)(6). Notably, Plaintiff does not dispute that she executed the subject promissory note and Deed of Trust, or the default. She also does not detail any irregularity in the foreclosure or trustee's sale.

Moreover, pursuant to RCW 61.24.127, because Plaintiff previously failed to move to retain the trustee's sale, she cannot seek any equitable or legal remedy, or affect the validity or finality of the trustee's sale.

Finally, plaintiff's robo-signing claim is precluded by statutes of limitations: the three-year statute of limitations for fraud or, in the alternative, the six-year statute of limitations for breach of contract. Further, Washington Federal Courts routinely dismiss robo-signing claims as unviable in wrongful foreclosure actions.

## II.     STATEMENT OF FACTS

### A.     On February 12, 2022, Plaintiff Filed the Present Complaint.

Plaintiff has filed her second Complaint in Federal Court. *Sagara Dec*.,¶3, Ex. A. In the present Complaint, she lists eight federal statutes. However, she does not provide any facts to support any of the alleged federal statutory violations. *Id*. at p. 2. In Plaintiff's Statement of the Claim, she states, "Copies of a purported "Note" were presented in October 2015 on two occasions with an obvious robosigned signature that is not the Agent's actual signature…." *Id*. at p. 3. This is the only factual detail in the Complaint.

Based on minimal allegations, Plaintiff seeks the "immediate release of any "lien(s)" against the "house and property;" a permanent stay to protect the subject property against any further trustee's sales or sheriff's sales; and prosecution for forgery. *Id*.

### B.     Plaintiff's Complaint Arises from the Foreclosure on the Property, and January 7, 2022 Trustee's Sale.

On or about April 21, 2004, Plaintiff executed a promissory note in the principal amount of $432,000.00 ("Note"). *Id.*, ¶4, Ex. B, at pp. 12-16. Plaintiff also executed a Deed of Trust

DEFENDANT'S MOTION TO DISMISS - 2
CASE NO. 2:22-CV-00165 JHC

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

which encumbered the property at 35022 Southeast Fall City—Snoqualmie Road, Fall City, Washington 98024 (the "Property") to secure payment of the Note. *Id*., at pp. 18-32.

Plaintiff failed to make the mortgage payment due by October 1, 2017 and all payments thereafter. Therefore, on or about April 23, 2019, SPS served a Notice of Default on Plaintiff on behalf of the Investor, or owner, of the mortgage loan, which advised that SPS would accelerate the loan and initiate foreclosure if Plaintiff did not cure the default. Because Plaintiff failed to cure the default, SPS initiated a non-judicial foreclosure on the Property. *See id*., at pp. 8-10. On January 7, 2022, the Property was sold to a third party, Jagroop Singh ("Singh"), at a trustee's foreclosure sale. *Id.*, ¶5, Ex. C, at pp. 21-22.

**C.    From November 1, 2019 to January 3, 2022, Plaintiff Improperly Filed Bankruptcy Six Times to Try to Stop or Delay the Foreclosure.**

After SPS initiated the non-judicial foreclosure, Plaintiff filed for Chapter 13 bankruptcy six times to attempt to stay the foreclosure:

- On November 1, 2019, she initiated U.S. Bankruptcy Court, Western District of Washington, at Seattle, Petition No.19-14050-TWD;

- On December 27, 2019, she initiated U.S. Bankruptcy Court, Western District of Washington, at Seattle, Petition No. 19-14677-TWD;

- On February 22, 2021, she initiated U.S. Bankruptcy Court, Western District of Washington, at Seattle, Petition No. 21-10366-TWD;

- On May 28, 2021, she initiated U.S. Bankruptcy Court, Western District of Washington, at Seattle, Petition No. 21-11069-CMA;

- On November 18, 2021, she initiated U.S. Bankruptcy Court, Western District of Washington, at Seattle, Petition No. 21-12093-TWD;

- On January 3, 2022, she initiated U.S. Bankruptcy Court, Western District of Washington, at Seattle, Petition No. 22-10006-TWD.

*Id*., ¶6, Ex. D.

DEFENDANT'S MOTION TO DISMISS - 3
CASE NO. 2:22-CV-00165 JHC

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

In two of the bankruptcies, SPS was forced to file motions to terminate the automatic stay and highlight Plaintiff's scheme to hinder, delay and/or defraud. *See*, *e.g*., *id*., ¶4, Ex. B. Ultimately, the Court dismissed or closed each Bankruptcy Petition for inadequate filings, as Plaintiff had no intention to complete a Chapter 13 bankruptcy. *Id*., ¶6, Ex. D.

Notably, while Plaintiff filed six Bankruptcy Petitions to attempt to stay the foreclosure, she never sought an injunction in state court to enjoin the trustee's sale.

**D.**     **On March 9, 2020, the Honorable Ricardo S. Martinez Dismissed Plaintiff's Complaint for Failure to State a Claim.**

On December 31, 2019, Plaintiff initiated an action in the United States District Court, Western District of Washington, at Seattle, which was assigned case number 19-CV-02090 RSM. *Id*., ¶7, Ex. E. In her Complaint, Plaintiff named one hundred and thirty-three representatives (133) of the entities involved in the foreclosure and unlawful detainer action. She also listed multiple alleged federal crimes, including robo-signing. *Id*. On an order to show cause, signed on February 14, 2020, Judge Martinez ordered Plaintiff to submit a response to the order to show cause. *Id*., ¶8, Ex. F. Plaintiff submitted an unintelligible response in which she again claimed fraud and robo-signing. *Id*., ¶9, Ex. G. On March 9, 2020, Judge Martinez dismissed Plaintiff's Complaint and closed the action. *Id*., ¶10, Ex. H.

**E.**     **On March 14, 2022, Plaintiff Unsuccessfully Challenged Her Eviction in King County Superior Court Case No. 22-2-02664-2 SEA.**

Because Plaintiff refused to vacate the Property, on February 23, 2022, Singh was forced to file an action for unlawful detainer in King County Superior Court, which was assigned case number 22-2-02664-2 SEA. *Id*., ¶11, Ex. I. In her Answer, filed on February 23, 2022, Plaintiff challenged the unlawful detainer action and claimed that by continuing it, Singh was committing "fraud" and "Federal RICO crimes." *Id*., ¶12, Ex. J, at p 2. Plaintiff further claimed the trustee's sale was "unlawful and illegal." Plaintiff claimed that the entities involved in the foreclosure and eviction were also committing federal crimes. *Id*.

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
Telephone: 206.319.7052

On an order to show cause, the parties were required to appear at a March 14, 2022 hearing. *Id*., ¶13, Ex. K. At the hearing before the Honorable Commissioner Brad Moore, the parties were permitted to call witnesses and provide testimony. *Id.*, ¶5, Ex. C, at pp. 15-40. In preparation for the hearing, Plaintiff filed/submitted at least 2,438 documents. *Id*., at p. 5. Sahm provided testimony in which she added to her claimed crimes. *Id.*, at pp. 9-37. She also recited verbatim from her emergency motion for permanent injunction, filed in the present case on March 31, 2022 ("Motion"), before Commissioner Moore interrupted her testimony:

> Ms. Sahm:   I would like to read Affirmation of Evidence, Statement of Fact, and Objection and Reminders….
> …
>
> I have evidence of unlawful conversion; kidnapping; human trafficking; press-ganging; inland piracy; conspiracy against the constitutions; collusion; misprision; identity theft; securities fraud; impersonation; …fraudulent conveyance of municipal citizenship; obligations of Americans in violation of Article IV of all three federal constitutions; use of undisclosed, unilateral and unconscionable foreign contracting processes on America soil; breach of custodial obligations; promotion of unaccountable administrative government entities staffed by undeclared foreign agents and more…
> …
>
> It is fraud, and fraud vitiates everything under Roman civil law….
> …

*Id*., at pp. 10-12.

When Commissioner Moore interrupted Plaintiff, he asked if she had moved to stop or enjoin the January 7, 2022 trustee's sale, a question with Plaintiff avoided. *Id*., at pp. 16-17.

Notably, in her testimony, Sahm did not claim she did not execute the Note and Deed of Trust, nor did she dispute the default. *Id.*, at pp. 9-37. She also did not specify or detail any

DEFENDANT'S MOTION TO DISMISS - 5
CASE NO. 2:22-CV-00165 JHC

BUCHALTER
1420 Fifth Avenue, Suite 3100
Seattle, WA 98101-1337
Telephone: 206.319.7052

1    irregularity in the foreclosure or sale. *Id.*

2         After reviewing the parties' submissions and hearing testimony, Commissioner Moore

3    signed the writ of restitution. *Id.*, at p. 39. In his ruling, Commissioner Moore highlighted that

4    there was not an order to restrain the trustee's sale. *Id.*, at p. 30. Plaintiff did not previously

5    moved to enjoin the trustee's sale. *Id.*, at pp. 16-17.

6         On March 28, 2022, Plaintiff filed a Notice of Appeal of Commissioner Moore's March

7    14, 2022 Order and Judgment on Unlawful Detainer. *Id.*, ¶14, Ex. L.

8                        **II.    STATEMENT OF ISSUES**

9         Whether the Court should dismiss Plaintiff's Complaint because a) she previously

10   unsuccessfully litigated the claims or issues on the merits; b) she fails to provide any facts to

11   support the listed federal statutes; c) she does not dispute the Note, Deed of Trust or default,

12   and she fails to specify any irregularity in the foreclosure, trustee's sale, or eviction; d) she

13   previously failed to file for an injunction to restrain the trustee's sale; and e) her robo-signing

14   claim dates back to October 2015.

15                       **III.    EVIDENCE RELIED UPON**

16   A.      Declaration of Midori R. Sagara; and

17   B.      The pleadings and records filed herein.

18                          **V.    ARGUMENT**

19   **A.    Plaintiff is Barred as A Matter of Law from Re-litigating the Foreclosure, January**

20   **       7, 2022 Trustee's Sale and Eviction.**

21   **       1.    Collateral Estoppel and Res Judicata**

22        Collateral estoppel, or issue preclusion, prevents re-litigation of an issue "when an issue

23   of fact or law is actually litigated and determined by a valid and final judgment, and the

24   determination is essential to the judgment." *Monahan v. Emerald Performance Materials, LLC*,

25   705 F.Supp.2d 1206, 1213 (W.D. Wash. Feb. 25, 2010), *citing Amadeo v. Principal Mut. Life*

26   *Ins. Co.*, 290 F.3d 1152, 1159 (9th Cir. 2002). Res judicata, or claim preclusion, bars re-litigation

DEFENDANT'S MOTION TO DISMISS - 6
CASE NO. 2:22-CV-00165 JHC

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

of a claim if a court has reached a final judgment on that claim in a previous action involving the same parties or their privies. *Id.* at 1213 (citation omitted). Under both doctrines, federal courts generally require the following:

1)    the claim or issue decided in the prior adjudication is identical to the claim or issue in the present action;

2)    the prior adjudication resulted in a final judgment on the merits; and

3)    the party against whom collateral estoppel or res judicata is asserted was a party or in privity with a party to the prior adjudication.

*Id.*, *citing Sidhu v. Flecto Co., Inc.* 279 F.3d 896, 900 (9th Cir. 2002) (describing res judicata requirements); *Maciel v. C.I.R.*, 489 F.3d 1018, 1023 (9th Cir. 2007) (describing collateral estoppel requirements).

Collateral estoppel has two additional requirements: 1) a party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior proceeding; and 2) the determination of the issue must have been essential to the prior judgment. *Id.* (citations omitted).

The doctrines of collateral estoppel and res judicata directly apply to the present scenario. Because Plaintiff previously unsuccessfully litigated the foreclosure and trustee's sale in Singh's unlawful detainer action, she cannot re-litigate the claims or issues in the present action. Plaintiff cannot file the present Complaint to obtain a different outcome.

**2.    Plaintiff Unsuccessfully Litigated the Foreclosure, Trustee's Sale and Eviction in King County Superior Court Case No. 22-2-02664-2 SEA.**

In Singh's unlawful detainer action, commenced on February 23, 2022, Plaintiff as defendant in the action challenged the foreclosure, trustee's sale and eviction. *Sagara Dec*., ¶12, Ex. J. In her February 23, 2022 Answer, she unintelligibly challenged jurisdiction and alleged "fraud," "Federal RICO crimes," and an "unlawful and illegal" trustee's sale. *Id*., at p. 2. Plaintiff related the allegations to the entities involved in the foreclosure and eviction,

DEFENDANT'S MOTION TO DISMISS - 7
CASE NO. 2:22-CV-00165 JHC

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

including Singh. *Id*. Just as in her February 23, 2022 Answer, in her present Complaint, Plaintiff unintelligibly listed multiple federal statutes or crimes sounding in fraud, and claimed forgery or robo-signing, to challenge the foreclosure, trustee's sale and eviction. *Id*., ¶3, Ex. A, at pp. 2-3.

Most importantly, in the unlawful detainer action, Plaintiff was provided the opportunity to present testimony and evidence. *Id.*, ¶5, Ex. C, at pp. 15-40. As the transcript of the March 14, 2022 hearing shows, Plaintiff filed or submitted at least 2,438 pages for Commissioner Moore's review. *Id.*, at p. 5. She also provided testimony, in which she read verbatim the first paragraph in her Motion, filed in the present case on March 31, 2022, beginning "I have evidence of unlawful conversion, kidnapping, human trafficking…" *Id.*, at pp. 10-12. Plaintiff probably would have continued to read excerpts from the Motion had Commissioner Moore not interrupted. At the hearing, Plaintiff also referred to her dismissed federal court action, commenced on December 31, 2019, in which she named one hundred and thirty-three (133) representatives of the entities involved in the foreclosure and eviction, and listed numerous alleged federal crimes. *Id.*, at pp. 17-18.

After considering all the documents and testimony, Commissioner Moore signed the writ of restitution. *Id.*, at p. 39. Commissioner Moore highlighted that Plaintiff had not moved for an injunction to restrain the trustee's sale, nor was there a bankruptcy stay at the time of the sale. *Id.*, at pp. 16-17. Plaintiff had not specified any viable irregularity in the foreclosure, sale or eviction upon which Commissioner Moore could find in her favor. *Id.*, at pp. 9-37. Commissioner Moore's rejection of Plaintiff's allegations and claims, the same as she makes in her present Complaint and action, was essential to his decision to permit the eviction to proceed.

Under the doctrines of claim preclusion and res judicata, Plaintiff cannot re-litigate the issues and claims decided in the unlawful detainer action in this Court. She also cannot attempt to circumvent any Washington Court of Appeals' ruling on an appeal of the writ of restitution

DEFENDANT'S MOTION TO DISMISS - 8
CASE NO. 2:22-CV-00165 JHC

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

by filing the present Court. Plaintiff's Complaint must be dismissed.

**B.      Plaintiff Fails to State a Claim Upon Which Relief Can be Granted.**

When considering a motion to dismiss pursuant to FRCP 12(b)(6), a court construes the complaint in the light most favorable to the non-moving party. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). The court must accept all well plead allegations of material fact as true and draw all reasonable inferences in favor of the non-moving party. *See Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).

However, the court need not accept as true a legal conclusion presented as a factual allegation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The Federal Rules demand more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (citation omitted). A pleading that offers only "labels and conclusions or a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss under FRCP 12(b)(6). *Id*. A complaint does not survive where "it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (citation omitted).

In deciding a motion to dismiss, a court may consider the pleadings, documents attached to the pleadings, documents that are judicially noticed, and documents that the pleadings incorporate by reference. *U.S. v. Ritchie*, 342 F.3d 903, 908 (9ᵗʰ Cir. 2003).

In the present Complaint, Plaintiff lists eight federal statutes sounding in fraud without any facts whatsoever to support or explain any of the federal statutes. *Sagara Dec*., ¶3, Ex. A, at p. 2. She further claims that the Note was robo-signed without further explanation. *Id*., at p. 3. Instead of alleging why the agent did not have authority to sign the Note, she simply states that the fraud is "obvious." *Id*. Plaintiff is aware that the Court requires more than what she plead. In her prior dismissed federal court action, Judge Martinez ordered Plaintiff to submit briefing to explain her unintelligible Complaint, in which listed multiple alleged federal crimes and robo-signing. *Id*., ¶8, Ex. F. In response to Judge Martinez' order to show cause, Plaintiff submitted an unintelligible response in which she again insufficiently claimed fraud and robo-

DEFENDANT'S MOTION TO DISMISS - 9
CASE NO. 2:22-CV-00165 JHC

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

1   signing. *Id.*, ¶9, Ex. G. Judge Martinez therefore dismissed Plaintiff's prior Complaint for

2   failure to state a claim. *Id.*, ¶10, Ex. H. Plaintiff's present Complaint is even more devoid of

3   factual allegations than her prior Complaint and response to order to show cause. Thus, there is

4   no question that Plaintiff's present Complaint fails under FRCP 12(b)(6).

5   **C.     Pursuant to RCW 61.24.127, Plaintiff Cannot Seek Equitable or Legal Recovery.**

6        Except for Plaintiff's robo-signing or forgery claim, Plaintiff seeks only equitable

7   recovery in her Complaint. However, RCW 61.24.127 states in pertinent part:

8        (1) The failure of the borrower or grantor to bring a civil action to
9        enjoin a foreclosure sale under this chapter may not be deemed a
         waiver of a claim for damages asserting:
10       (a) Common law fraud or misrepresentation;
         (b) A violation of Title 19 RCW;
11       (c) Failure of the trustee to materially comply with the provisions of
         this chapter; or
12       (d) A violation of RCW 61.24.026.
13       (2) The nonwaived claims listed under subsection (1) of this section
         are subject to the following limitations:
14       (a) The claim must be asserted or brought within two years from the
         date of the foreclosure sale or within the applicable statute of
15       limitations for such claim, whichever expires earlier;
16       *(b) The claim may not seek any remedy at law or in equity other*
         *than monetary damages;*
17       *(c) The claim may not affect in any way the validity or finality of*
         *the foreclosure sale or a subsequent transfer of the property;*
18       …

19  RCW 61.24.127 (emphasis added).

20       As Commissioner Moore highlighted, Plaintiff did not seek an injunction to restrain the

21  trustee's sale. *Sagara Dec.*, ¶5, Ex. C, at pp. 16-17. Instead, Plaintiff attempted to stop or delay

22  the foreclosure and sale by improperly filing for Chapter 13 bankruptcy six times from

23  November 1, 2019 to January 3, 2022. *Id.*, ¶6, Ex. D. Since Plaintiff did not seek to restrain the

24  trustee's sale, she is limited to monetary damages if she could establish a viable claim. *See*

25  RCW 61.24.127(2)(b). Under RCW 61.24.127(2)(c), she is precluded from unwinding the sale

26

DEFENDANT'S MOTION TO DISMISS - 10
CASE NO. 2:22-CV-00165 JHC

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

to Singh and interfering with his property rights, which is what she improperly seeks in the Complaint.

**D.      Plaintiff's Robo-Signing Claim is Precluded by Statutes of Limitations and Additional Washington Authority.**

**1.      Plaintiff's Robo-Signing Claim is Time Barred on the Face of the Complaint.**

A claim may be dismissed on the ground that it is barred by the applicable statute of limitations only when "the running of the statute is apparent on the face of the complaint." *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006).

Common law and equitable fraud claims are governed by a three-year limitation for actions of the following type. *Hilton v. Mumaw*, 522 F.2d 588, 595 (9th Cir. 1975). The statute of limitations for breach of a written contract is six years. *Putz v. Golden*, 847 F.Supp.2d 1273, 1281 (W.D. Wash. Jan. 24, 2012). The statute of limitations for these claims begin to run upon discovery of the claims.

In this case, Plaintiff alleges that "[c]opies of a purported "Note" were presented in October 2015 on two occasions with an obvious robosigned signature that is not the Agent's actual signature…." *Sagara Dec.*, ¶3, Ex. A, at p. 3. Plaintiff's robo-signing claim sounds in fraud and she alleges that she discovered the "obvious" fraud in October of 2015. *Id.* Given the three-year applicable statute of limitations, Plaintiff's robo-signing claim expired in October of 2018, over three years ago. Even if the Court were to give Plaintiff the benefit of the doubt and apply the six-year statute of limitations for breach of contract, Plaintiff's robo-signing claim expired in October of 2021, six months ago. Regardless, based on Plaintiff's own pleading, her robo-signing claim is time barred.

**2.      Washington Federal Courts Reject Robo-Signing Arguments.**

Even if Plaintiff's robo-signing claim was not time barred, Washington Federal Courts have routinely rejected robo-signing as a cognizable legal theory. *See*, *e.g.*, *Bain v. Metro.*

DEFENDANT'S MOTION TO DISMISS - 11
CASE NO. 2:22-CV-00165 JHC

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

*Mortg. Group, Inc.*, 2010 WL 891585, at *6 (W.D. Wash. Mar. 11, 2010) ("There is simply nothing deceptive about using an agent to execute a document, and this practice is commonplace in deed of trust actions."). In addition, Plaintiff has not set forth any facts that the individual who signed the Note on behalf of the Investor or owner lacked authority to do so.

If Plaintiff also intended to challenge any Assignment, as the borrower and third party to the transaction, she would lack standing to do so. *See Ukpoma v. U.S. Bank Nat. Ass'n*, 12–CV–0184–TOR, 2013 WL 1934172 (E.D. Wash. May 9, 2013) (dismissing mortgagor's allegations of "robo-signing" for lack of standing to challenge the transaction); *Brodie v. Nw. Tr. Servs., Inc.*, 12–CV–0469–TOR, 2012 WL 6192723, at *2 (E.D. Wash. Dec. 12, 2012) (collecting cases dismissing borrower's claims of "robo-signing" for lack of standing to challenge the transaction). Robo-signing claims are simply not viable and Plaintiff's claim is not unique.

## VI.  CONCLUSION

The Court should dismiss Plaintiff's Complaint. Plaintiff had her opportunity to challenge the foreclosure, trustee's sale and eviction on the merits in state court, and she did not prevail. Plaintiff cannot re-litigate the same issues and claims by filing a Complaint in this Court as a matter of law. Plaintiff's present Complaint is almost completely bare of factual allegations and therefore fails under FRCP 12(b)(6). The only claim that includes a factual allegation is Plaintiff's robo-signing claim, which is precluded by statutes of limitations by its pleading.

Dated:   April 21, 2022                          BUCHALTER


By: */s Midori R. Sagara*
Marissa A. Alkhazov, WSBA #34278
Midori Sagara, WSBA #39626
*Attorneys for Defendant*

DEFENDANT'S MOTION TO DISMISS - 12
CASE NO. 2:22-CV-00165 JHC

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

1

## CERTIFICATE OF SERVICE

2

3

I hereby certify that on April 21, 2022, I caused to be served a copy of the foregoing

on the following person in the manner indicated below at the following address:

4

5

**Plaintiff Pro Se**:

6

Teri Kealoha Sahm
P.O. Box 387
Fall City, WA  98024
T:  425.222.3526
E:  terisahm@hotmail.com

7

8

9

by:

10

☑    by CM/ECF

11

☑    by Electronic Mail

12

13

By: */s/ Pandy Savage McVay*
Pandy Savage McVay, Legal Assistant
pmcvay@buchalter.com

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT'S MOTION TO DISMISS - 13
CASE NO. 2:22-CV-00165 JHC

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052