UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TERI KEALOHA SAHM, <br><br> Plaintiff, <br><br> v. <br><br> SELECT PORTFOLIO SERVICING, INC., <br><br> Defendant. | CASE NO. 2:22-cv-00165-JHC <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR A PERMANENT INJUNCTION |

This matter comes before the Court on plaintiff Teri Kealoha Sahm's motion for an emergency permanent injunction (the "Motion") (Dkt. # 6).  Plaintiff seeks an order enjoining the enforcement of a Sheriff Eviction Notice.  Having considered the submissions of the parties, the Court DENIES the Motion.

"As a general rule, a permanent injunction will be granted *when liability has been established* and there is a threat of continuing violations." *MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 520 (9th Cir. 1993) (emphasis added).  Plaintiff has not established Select Portfolio Servicing Inc.'s liability; she makes no argument about liability in the Motion, nor has she moved for a judgment on the merits.  And

> [a] plaintiff seeking permanent injunctive relief must demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary

ORDER DENYING Plaintiff's motion for a PERMANENT INJUNCTION - 1

damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction."

*Amazon Content Servs. LLC v. Kiss Libr.*, No. C20-1048 MJP, 2021 WL 5998412, at *6 (W.D. Wash. Dec. 17, 2021) (quoting *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006)). The Motion does not indicate that plaintiff has met any of these elements.

To the extent that the Motion should be considered a motion for a preliminary injunction, plaintiff has similarly not established the requisite elements for such relief. *See Winter v. NRDC*, 129 S. Ct. 365, 374 (2009) (holding that a plaintiff seeking a preliminary injunction must demonstrate they are likely to succeed on the merits, they are likely to suffer irreparable harm without the injunction, that the balance of equities tips in their favor, and that a preliminary injunction is in the public interest).

For the foregoing reasons, the Court DENIES the Motion.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 22nd day of April, 2022.

*/s/ John H. Chun*
John H. Chun
United States District Judge