UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TERI KEALOHA SAHM, | CASE NO. 2:22-cv-00165-JHC |
| Plaintiff, | ORDER |
| v. | |
| SELECT PORTFOLIO SERVICING, INC., | |
| Defendant. | |

This matter comes before the Court on Plaintiff Teri Kealoha Sahm's second motion for an emergency permanent injunction (the "Motion"). Dkt. # 14. Plaintiff again seeks an order enjoining the enforcement of a Sheriff Eviction Notice. Defendant Select Portfolio Servicing, Inc. opposes the Motion. Dkt. # 31. Having considered the submissions of the parties, the Court DENIES the Motion.

"As a general rule, a permanent injunction will be granted *when liability has been established* and there is a threat of continuing violations." *MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 520 (9th Cir. 1993) (emphasis added). Plaintiff has still not established Select Portfolio Servicing Inc.'s liability; she makes no argument about liability in the Motion, nor has she moved for a judgment on the merits. And

ORDER - 1

[a] plaintiff seeking permanent injunctive relief must demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction."

*Amazon Content Servs. LLC v. Kiss Libr.*, No. C20-1048 MJP, 2021 WL 5998412, at *6 (W.D. Wash. Dec. 17, 2021) (quoting *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006)). While Plaintiff lists a series of reasons why she will allegedly suffer irreparable injury if the eviction notice is enforced, the Motion does not indicate that any of the other elements are met.

To the extent that the Motion should be considered a motion for a preliminary injunction, Plaintiff has similarly not established the requisite elements for such relief.  *See Winter v. NRDC*, 129 S. Ct. 365, 374 (2009) (holding that a plaintiff seeking a preliminary injunction must demonstrate they are likely to succeed on the merits, they are likely to suffer irreparable harm without the injunction, that the balance of equities tips in their favor, and that a preliminary injunction is in the public interest).

For the foregoing reasons, the Court DENIES the Motion.  The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 31st day of May, 2022.

John H. Chun
United States District Judge

ORDER - 2