UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TERI KEALOHA SAHM, | CASE NO. 2:22-cv-00165-JHC |
| Plaintiff, | ORDER RE: MOTION TO DISMISS |
| v. | |
| SELECT PORTFOLIO SERVICING, INC., | |
| Defendant. | |

## I.

### INTRODUCTION

This matter comes before the Court on Defendant Select Portfolio Servicing, Inc.'s motion to dismiss ("Motion"). Dkt. # 28. Plaintiff Teri Kealoha Sahm does not respond to the Motion. Having reviewed the Motion and related filings, the Court GRANTS the Motion and dismisses this matter without prejudice.

## II.

### BACKGROUND

In April 2004, Sahm allegedly executed a promissory note and a deed of trust encumbering the property at issue ("Property"). Declaration of Midori Sagara ("Sagara Decl."),

ORDER RE: MOTION TO DISMISS - 1

Dkt. # 26, Ex. B at 19–40.  In April 2019, she allegedly defaulted, and Select Portfolio Servicing initiated nonjudicial foreclosure proceedings.  *Id.* at 8–10.

In March 2020, Plaintiff sued 133 defendants in this Court over the foreclosure.  Sagara Decl., Dkt. # 27, Ex. E.  Chief Judge Martinez issued an order to show cause requesting Sahm explain her claims.  Sagara Decl., Dkt. # 27, Ex. F.  Sahm filed a response alleging fraud and robosigning.  Sagara Decl., Dkt. # 27, Ex. G.  Under 28 U.S.C. § 1915(e)(2)(B), Chief Judge Martinez dismissed her complaint for failing to state a claim.  Sagara Decl., Dkt. # 27, Ex. H.

In January 2022, the Property was sold to a third party at a trustee's foreclosure sale.  Sagara Decl., Dkt. # 27, Ex. C at 7–8.  In March 2022, the third party who bought the Property brought an unlawful detainer action against Sahm in King County Superior Court.  Sagara Decl., Dkt. # 27, Ex. I.  Sahm responded by alleging fraud.  Sagara Decl., Dkt. # 27, Ex. J.  Following a hearing, a commissioner of the court entered a writ of restitution.  Sagara Decl., Dkt. # 27, Ex. C at 25.

Sahm brings this action, alleging violations of seven statutes[1] and Article IV of the United States Constitution.  Compl., Dkt. # 1.  In the statement of her claim she merely says, "Copies of a purported 'Note' were presented in October 2015 on 2 occasions with an obvious robosigned signature that is not the Agent's actual signature. . . . These only appeared on two copies on August 30, 2018 and September 10, 2018."  Compl., Dkt. # 1, at 3.  Sahm seeks the following relief: "Immediate release of any 'lien(s)' against the 'house and property.'  A permanent stay put in place to protect my Homestead from any further attempts to steal the property through illegal and unlawful 'Trustee Sales,' 'Sheriff Sales' or any other unlawful or illegal means.  Prosecution of party responsible for forgery.  Payment of all trespass fees billed."

---

[1] 15 U.S.C. §§ 1692–1692p, 18 U.S.C. § 241, 18 U.S.C. § 471, 18 U.S.C. § 641, 18 U.S.C. § 47, 18 U.S.C. § 1593A, 18 U.S.C. § 1596.

ORDER RE: MOTION TO DISMISS - 2

*Id.* Defendant moves for dismissal, arguing that claim and issue preclusion bar Plaintiff's suit, Plaintiff fails to state a claim for which relief may be granted, RCW 61.24.127 bars Plaintiff's requested remedy, and Plaintiff's claim related to robosigning is time-barred. Dkt. # 28.

### III.

#### ANALYSIS

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal when a complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Court construes the complaint in the light most favorable to the nonmoving party. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Because Plaintiff is *pro se*, the Court must construe her pleadings liberally. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

Taking the factual assertions in the complaint as true and viewing the complaint in the light most favorable to Plaintiff, the Court determines that it fails to state claims upon which relief can be granted.[2] Plaintiff cites a series of laws without explaining how Defendant allegedly violated them. Plaintiff's only factual assertion is, "Copies of a purported 'Note' were presented in October 2015 on 2 occasions with an obvious robosigned signature that is not the Agent's actual signature. . . . These only appeared on two copies on August 30, 2018 and

---

[2] As the Court dismisses Plaintiff's complaint on Federal Rule of Civil Procedure 12(b)(6) grounds, it does not reach Defendant's arguments about issue and claim preclusion, RCW 61.24.127 remedies, or the statute of limitations for robosigning.

ORDER RE: MOTION TO DISMISS - 3

September 10, 2018." Compl., Dkt. # 1, at 3. She does not connect these factual assertions to the cited laws allegedly violated, nor is it apparent how the facts, as she presents, them could constitute a violation of the laws she cites. *See Toone v. Wells Fargo Bank, N.A.*, 716 F.3d 516, 521 (10th Cir. 2013) ("It does not explain what 'robo-signing' is or why it renders the endorsements fraudulent, let alone include factual content indicating that it occurred in this case. Numerous courts have held that bald allegations of 'robo-signing' do not suffice under the Rule 8(a)(2) standard set by *Iqbal*.").

### IV.

### CONCLUSION

Based on the above, the Court GRANTS the Motion. Plaintiff's complaint is dismissed without prejudice. The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 2nd day of June, 2022.

John H. Chun
United States District Judge